Ms. Phyllis O. Douglas Attorney for the Dade County Public Schools 1450 Northeast Second Avenue Miami, Florida 33132
Use of leave for resignation or early retirement
Dear Ms. Douglas:
On behalf of the Superintendent of Schools for Dade County, you ask substantially the following questions:
1. May the school board grant professional transition leave, with pay, for one year to school board employees who agree to resign or retire at the end of the year?
2. May a school board pay a lump-sum supplemental retirement benefit?
In sum:
1. While professional transition leave, with pay, authorized by section 231.39, Florida Statutes, would not constitute extra compensation in violation of section 215.425, Florida Statutes, it does not appear to be an appropriate means to induce school board employees to agree to resign or retire at the end of the year.
2. Lump-sum payments made to school district employees as an incentive to end their employment would violate section 215.425, Florida Statutes. However, the school board may alter its retirement plan to allow lump-sum supplemental payments as an increased benefit of such plan to qualified current employees who elect early retirement under the plan.
Question One
The School Board of Dade County wishes to implement a cost-saving program inducing high-salaried employees to resign or retire so that they may be replaced by lower-salaried employees or their positions may be phased out. The program would include a component such that an employee is granted a one-year leave of absence, known as "professional transition leave," on the condition that the employee submit his resignation or notice of retirement to be effective at the end of the leave period. During the leave of absence the employee would receive benefits and a percentage of his salary.
You are concerned, however, that such a program may violate section 215.425, Florida Statutes, prohibiting the payment of extra compensation to an employee after services have been rendered.
Section 215.425, Florida Statutes, provides in part:
"No extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made; nor shall any money be appropriated or paid on any claim the subject matter of which has not been provided for by preexisting laws, unless such compensation or claim is allowed by a law enacted by two-thirds of the members elected to each house of the Legislature. However, when adopting salary schedules for a fiscal year, a district school board or community college district board of trustees may apply the schedule for payment of all services rendered subsequent to July 1 of that fiscal year."
This office has stated that the purpose of this prohibition against compensation for work already performed "is to carry out a basic and fundamental principle that public funds may be used only for a public purpose and it is contrary to this policy to use public funds to give extra compensation for work which has already been performed for an agreed upon wage."[1] (emphasis in the original)
Your inquiry, however, does not involve the payment of additional compensation for work that has already been performed. Rather, the school board contemplates using a type of leave to be entitled "professional transition leave" with pay as an incentive for employees to take early retirement or to resign from their positions.
Section 231.39, Florida Statutes, provides:
"All leaves of absence for all district school board employees, except those leaves prescribed by law, shall be granted with or without compensation pursuant to rules adopted by the district school board. Such leaves authorized by the school board shall include, but not be limited to, professional leave and extended professional leave, personal leave, military leave granted in compliance with chapter 115, and maternity leave."
"Professional leave" is specifically recognized as a type of leave that may be granted with or without compensation pursuant to rules adopted by the school board. For purposes of this statute, the term "professional leave" is defined as
"leave granted to a member of the instructional or administrative staff to engage in activities which will result in his professional benefit or advancement, including earning of college credits and degrees, or that will contribute to the profession of teaching. Extended professional leave is such leave extending for more than thirty consecutive days. Professional leave or extended professional leave ordinarily will be initiated by the employee and will be primarily for his benefit, or that of the teaching profession, and only incidentally for the benefit of the school board. Compensation during professional leave, or extended professional leave, may be allowed as provided by law, state board regulations, and policies of the school board. School boards may grant any member of the instructional or administrative staff three consecutive weeks professional leave during any fiscal year with compensation when school is not in session; such leave shall be cumulative for not more than two years."[2]
The rule is an apparent limitation on the purposes for which "professional leave" and "extended professional leave" may be granted. Such leave has the limited purpose of affording a teaching professional the opportunity to engage in activities that result in professional benefit or advancement, including the earning of college credits and degrees. Moreover, the rule allows a school board to grant "professional leave" with compensation for three weeks during any fiscal year, with a cumulative cap of two years' worth of leave. Thus, it would appear that the maximum amount of "professional leave" that may be granted with pay for one period of time is six consecutive weeks.
This office has previously stated that with the amendment of section 230.03(2), Florida Statutes, in 1983 by s. 7, Ch. 83-324, Laws of Florida, district school boards have been granted home rule powers and thus may exercise any power for school purposes in the operation, control and supervision of the free public schools in their districts unless expressly prohibited by the State Constitution or general law.[3] While district school boards have been given home rule powers, this office has concluded that such boards have a continuing responsibility to act consistently and in harmony with applicable rules and minimum standards of the State Board of Education, and further, to require that all laws relating to the school system and rules and regulations of the state board are properly enforced.[4]
In the instant situation, the rule adopted by the State Board of Education prescribes the manner in which "professional leave" and "extended professional leave" with compensation may be granted to a school district employee. The granting of "professional transition leave" with compensation for a period of one year as an inducement for early retirement or resignation at the end of the year would appear to be inconsistent with the manner prescribed by the state board for the granting of professional leave.
In Attorney General Opinion 83-69, this office considered whether a school board was authorized to adopt a board policy allowing "civic participation pay" for certain elected officials who were also employed by the board. The policy allowed partial pay when the employees were engaged in official meetings of their elected bodies. Citing the then-recent changes to the school code that expanded the discretion of school boards to formulate types of leave, subject to the limitation that if a type of leave is prescribed by law the board's authority is limited thereby, this office voiced its reluctance to approve or disapprove the policy changes the board contemplated and concluded that the school board must make the policy determinations implicit in implementing section 231.39, Florida Statutes.
Accordingly, it is my opinion that "professional leave" and "extended professional leave" with compensation are not extra compensation prohibited by section 215.425, Florida Statutes, but the granting of such leave as a means to induce early retirement or resignation of school district employees would be inconsistent with the rules of the State Board of Education.
Question Two
In considering the application of section 215.425, Florida Statutes, to lump-sum payments, this office in Attorney General Opinion 91-51 concluded that in the absence of a statute, collective bargaining agreement, or personnel policy or regulation authorizing such payments, severance payments in lieu of notice constituted unlawful extra compensation. Where proposed benefits are not bonuses, but rather constitute increased benefits to currently employed personnel through an early retirement option, this office has stated that a city utility board could establish an early retirement option for employees without violating section215.425, Florida Statutes.[5]
This office has concluded that a sheriff was authorized to adopt an incentive program to give severance payments to qualified sheriff's department employees who end their employment under the terms of a program authorized by county ordinance.[6] In that instance, the county had adopted an ordinance authorizing the development and implementation of a program whereby the sheriff could give qualified sheriff's employees a severance incentive devised by the sheriff and paid to employees electing to end their employment with the office on a specified date. The conclusion in the opinion was based upon the specific exemption in section215.425, Florida Statutes, for extra compensation given to county employees pursuant to policies adopted by county ordinance.
You have not brought to this office's attention any analogous provision that would allow school district employees to receive extra compensation in the form of a lump-sum payment as an incentive to end their employment. As noted above, however, section 215.425, Florida Statutes, would not preclude a lump-sum payment as part of an alteration to the current pension plan to provide an early retirement option to current employees who are not receiving benefits under the retirement system.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Op. Att'y Gen. Fla. 82-28 (1982) (retroactive payment to teacher for eight years of prior work related experience constitutes "extra compensation" prohibited by s. 215.425, Fla. Stat.).
[2] Rule 6A-1.081, F.A.C.
[3] See, Ops. Att'y Gen. Fla. 86-45 (1986), 84-95 (1984), 84-58 (1984), and 83-72 (1983). And see, s. 230.03(2), Fla. Stat., which provides:
"In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law."
[4] See, Ops. Att'y Gen. Fla. 87-48 (1987) and 83-72 (1983) (where statute or rule or regulation of the State Board of Education does not distinctly specify the required mode or manner in which a school board may properly exercise a power, school board may use its reasonable discretion to determine the manner in which such power will be exercised).
[5] See, Inf. Op. to Mr. Stanley T. Rzad, July 20, 1994 (utility board may change its current pension plan and offer increased benefits to current employees of the board who are not receiving benefits under the retirement system).
[6] Informal Op. to Sheriff Charlie Green, Lee County, March 20, 1996.